Sidekum v. The W., St. L. & P. Ry. Co.

SIDEKUM *et al.* v. THE WABASH, ST. LOUIS & PACIFIC RAILWAY COMPANY, *Appellant.*

1.  **Practice** : ACTION FOR PERSONAL INJURIES : PERSONAL EXAMINA-TION OF PLAINTIFF. The right of a defendant, in an action against him for a personal injury, to have the plaintiff's injuries personally examined by physicians, so that the latter may testify regarding them, is not an absolute one, but is a matter about which the trial court has a discretion, and such discretion will not be interfered with unless manifestly abused.

2.  —— : —— : —— : WAIVER. Where the court only refused to grant defendant's motion for such personal examination for the time being, but signified its willingness to order an examination during the trial, if it became necessary to ascertain the real condition of plaintiff, and the motion was not subsequently renewed, the court may well have concluded that defendant had abandoned it.

3.  **Railroad** : PERSONAL INJURIES : EVIDENCE : PRACTICE. In an action against a railroad company for personal injuries sustained in an accident on its road, the evidence should be confined to the condition of the road at the place, or in the immediate vicinity, of the accident, and testimony as to the condition of the track a mile and a half from the place of the accident is incompetent and inadmissible.

4.  —— : —— : —— : ——. But where such evidence is admitted, it will not constitute reversible error, where the evidence is sufficient to authorize the finding independent of that erroneously received, and the latter is withdrawn from the consideration of the jury by instruction.

5.  —— : —— : MEASURE OF DAMAGES. An instruction as to the measure of damages examined and held unobjectionable.

6.  **Practice in Supreme Court** : REMARKS OF COUNSEL : DISCRE-TION OF TRIAL COURT. In civil cases, the Supreme Court cannot ordinarily interfere with the discretion of the trial courts in regulating the conduct of counsel in argument, unless counsel is permitted, against objections, to make or persevere in improper remarks, and in such case, where exceptions are duly taken, the same may be good ground for new trial or for reversal.

7. —— : —— : ——. Where no objections are made nor exceptions saved to the remarks of counsel in argument, the point will be deemed to have been waived, and will not be reviewed in the appellate court.

*Appeal from Buchanan Circuit Court.*—HON. JOS. P. GRUBB, Judge.

AFFIRMED.

*H. S. Priest* for appellant.

(1) The court erred in refusing to require Mrs. Sidekum to submit to a physical examination by physicians and surgeons, upon proper conditions. *Shepard v. Railroad*, 85 Mo. 629; *White v. Railroad*, 20 Cent. Law Jour. 11; *Hatfield v. Railroad*, 18 A. & E. Ry. Cases, 292 and note. (2) It was error to admit evidence to prove a bad condition of appellant's track at other places than that of the accident. *Hipsley v. Railroad*, 88 Mo. 348; *Roilroad v. Huntley*, 38 Mich. 537; *Kinney v. Railroad*, 70 Mo. 243; *Maguire v. Railroad*, 115 Mass. 239. (3) The court erred in giving the third instruction for the plaintiff, concerning the measure of recovery. *Thomas v. Railroad*, 20 Mo. App. 485. (4) It was error to permit respondents' attorney, in his closing address, to remark upon the wealth and income of appellant, and impress upon the jury that it could only be punished by assaults upon its property, as he did by saying that "defendant had no stern to be kicked, and no soul to be damned." *Brown v. Swineford*, 44 Wis. 282, and cases there cited. *Tucker v. Hennicker*, 41 N. H. 322. (5) The introduction of evidence tending to prove a disreputable track at other points than where the accident occurred; telling the jury, by instruction number three, that, after considering the plaintiff's health before and after the accident, her physical pain and mental anguish, and the pain she was

likely to suffer in the future, to also consider "all other circumstances shown in evidence;" and the line of argument pursued by respondents' attorney in his closing address, all tended to impress upon the jury that they were not bound to limit their finding to the actual damages sustained, but might also award exemplary or punitive damages.

*Green & Burnes* for respondents.

(1) In reply to the first point made by the appellant for a reversal of this case, we cite the following authorities : *Shepard v. Railroad*, 85 Mo. 629 ; *Lloyd v. Railroad*, 53 Mo. 515. (2) As to appellant's second point : *Barbour v. McKee*, 7 Mo. App. 586 ; 66 Mo. 77. (3) As to the alleged incompetent argument of plaintiff's counsel : *Barbour v. McKee*, 7 Mo. App. 586 ; *State v. McChesney*, 16 Mo. App. 270 ; *Walker v. Martin*, 10 Mo. App. 589 ; *Bradshaw v. State*, 17 Neb. 147 ; *Bohanan v. State*, 18 Neb. 155 ; *Loyd v. Railroad*, cited by appellant. (4) The evidence of defective track at places other than that of the accident was admissible under the circumstances of this case. Block's Proofs & Pleading in Accident Cases, sec. 35, and cases cited. (5) The instructions taken together present the law correctly. (6) The verdict was for the right party.

RAY, J.—Plaintiffs, who are husband and wife, brought this action in the circuit court of Buchanan county, Missouri, to recover damages for personal injuries to the wife while traveling as a passenger on a freight train of defendant, between the stations of Lathrop or Converse, and Lawson, on the twenty-fourth day of July, 1883. Upon a trial of the cause, plaintiffs obtained a verdict and judgment, in the sum of six thousand dollars, from which defendant has prosecuted this appeal to this court.

The grounds relied on for a reversal of the said judgment, as stated by counsel for defendant, are: (1) That the court erred in overruling its application for a personal physical examination of the wife, the real plaintiff ; (2) that the court erred in admitting testimony concerning the bad condition of appellant's track at other places than that where the accident occurred; (3) in giving instruction number three, at plaintiffs' request ; and (4) in permitting plaintiffs' attorney, in his closing address, to remark upon things, outside of the record, calculated to excite the prejudices of the jurors, and to deceive and mislead them as to the law concerning the measure of recovery.

In a case involving a similar application to the one mentioned in said first exception, this court expressed the opinion, modifying a previous ruling had in *Lloyd v. Railroad*, 53 Mo. 515, that, whilst the party had no absolute right to such personal examination, and the court could not compel the party to submit thereto, the court may properly, in the exercise of its discretion, order such an examination to be made, in a proper case, and enforce its order, in the several ways there specified ; and that the exercise of its discretion, in that behalf, would not be interfered with by this court, unless manifestly abused. *Shepard v. Railroad*, 85 Mo. 634. In that case, the court say : "The order asked by defendant was unreasonable, in that it asked that this lady should submit to a personal examination, not by one skilled surgeon, but by at least three." This and other observations and rulings, in said case, would seem to control the application in this case, which was "for an order that said female plaintiff submit her person to an examination of physicians, to be named by defendant, not exceeding four in number." It further appears, in this case, that said motion, having been filed on the day before the trial, was taken up and heard by the court, when the cause was called for trial, on the

next day, and that the court denied the motion, at the time, remarking that if, during the progress of the trial, it appeared necessary to ascertain the real condition of plaintiff, and the nature and extent of her injuries, he would then direct an examination by physicians.

The witnesses testifying for plaintiff upon the subject of her health and condition, both before and after the injury on the railroad, were the female plaintiff, Hannah Sidekum, in her own behalf; her stepmother, Mrs. Harrison, and the family physician, Dr. Bane. Omitting consideration of the testimony of the other witnesses, that of Dr. Bane, delivered before the trial judge, who was, we may assume, personally acquainted with him, and knew his reputation as a physician, was, in general and substance, that he had practiced in the family of Mrs. Sidekum for twelve years; that he was called to see her immediately upon her arrival in St. Joseph, and found her suffering great pain from introversion or dislocation of the womb; the womb pressing on the bladder; surrounding parts inflamed, and some external bruises, the more serious ones being located on the abdomen and back part of the body; that he attended at her house over two months, seeing her nearly every day; that an abscess formed in two or three weeks after the injury, with a discharge through the soft parts, which had not healed, when he last saw her, some three or four weeks previous to time of giving his testimony; that her condition was much improved; that he did not regard her condition incurable, as it is curable in some cases, but that the probability was that the injury would be permanent; that she was still under treatment, although he was not visiting her at the time of the trial. He also testified that, prior to the accident, she had been sound and healthy; that, in the course of his twelve years attendance as her physician, he had made, prior to the accident, several examinations of the womb, which examinations were occasioned by some symptoms of which

she complained, and which he thought made such examinations necessary, but that, upon personal examination, he had found those organs healthy and strong. The action of the trial court upon said motion, as we have seen, was merely a refusal to grant the same for the time being, and, as defendant did not again renew its application for such order, at any other stage of the proceeding, the court may have well concluded that, after hearing the said evidence in the cause introduced by plaintiff, including that of Dr. Bane, which we have given in substance, defendant did not deem it necessary to renew its motion, or to insist thereon, but had abandoned the same.

We will now proceed to the second of said exceptions, as to the admission of evidence, in plaintiffs' behalf, as to the condition of the railroad at places other than that of the accident. In the recent case of *Stoher v. Railroad*, 91 Mo. 509, a somewhat analogous question was involved. This court there announced its disinclination to adhere to the rule in all its strictness, which is held in numerous cases, and which limits the party to the precise time, or the exact place, of the occurrence. The condition of the roadbed, at the place, or in the immediate vicinity of the accident, may, we think, be shown. This is, also, declared, in effect, in the case of *Hipsley v. Railroad*, 88 Mo. 348, where Chief Justice Norton, speaking for the court, further observes that "the fact that the road, in other places, may not have been in good condition, had no tendency to prove it was in a bad condition at the place where the accident in question happened." Tested by these decisions, the testimony of the witness Crowley, as to the condition of the track a mile and a half from the place of the accident, and the testimony of other witnesses of like import, must, we think, be held incompetent and inadmissible.

But, in view of the instructions given in the cause,

this evidence must, we think, be held to have been withdrawn and excluded from the jury. The following, given by the court of its own motion, we think, accomplishes that purpose:

"9. In this case, defendant is only liable for injuries suffered by its passengers on its trains, if such injuries were caused by its negligence in some one, or all, of *the particulars charged specifically in the petition, and these particulars are alleged to be at the place of the accident, when the train arrived there:* (1) Defective rails; (2) imperfect fastenings thereof; (3) decayed and imperfect ties upon which said rails rested; (4) sunken condition of the ties and rails, and (5) that the ends of the rails in said track did not meet at the joints properly. *No other item, or conjecture of negligence, can be considered by the jury in this case;* and, unless the jury find, from the evidence, that the injury occurred in consequence of defects in some one, or all, of these respects, the jury must find for the defendant."

The evidence in the record, which was competent and admissible, was amply sufficient to authorize the finding, independent of that erroneously received, and the above instruction was, we think, such as should be held to cure and make harmless the error committed in the admission of the evidence referred to.

The third exception taken to the instruction, given upon the measure of damages, and which is as follows, is, we think, also untenable:

"The court instructs the jury that if they find for the plaintiffs, in estimating the amount of damages, it is their duty to consider the physical condition of Hannah Sidekum before and since receiving the injuries sued for, and the physical pain and mental anguish suffered by her at the time of, and since, said accident, on account of said injuries, and the amount of pain she will likely suffer in the future on account of said injuries,

*together with all other circumstances shown in evidence;* and, *considering all the circumstances aforesaid,* they will find a verdict for such sum as, in their judgment, will compensate for said injuries, not exceeding ten thousand dollars."

The objection is not to any of the items, or elements of damages, specified in the instruction, which are conceded to be correct, but that the language which is put in italics authorized the jury, not only to consider the enumerated grounds of compensation, but other matters in addition, such, for example, as the bad condition of the railroad at other places than that of the accident; but, fairly considered, the instruction is not, we think, vulnerable to this or other similar criticism, and the exception taken to said instruction must be overruled.

The fourth and remaining exception will now be noticed briefly. This, as already appears, pertains to the closing argument made in behalf of plaintiff. The cases to which we have been referred all recognize the difficulty and delicacy involved in any attempt to confine counsel to a strictly legitimate course of argument, and the restrictions and limitations which may be fairly imposed are, we think, necessarily somewhat indefinable. *Lloyd v. Railroad,* 53 Mo. 514. As was said in that case, " it is, no doubt, the duty of the judge who presides at the trial to prevent such departures from the proper and legitimate sphere of counsel;" and, in criminal cases, some of which have been cited, this court has condemned in strong terms departures from the proper practices and usages in this behalf. In civil cases, ordinarily, this court cannot interfere with the discretion of trial courts, unless counsel is permitted, against objections, to make, or persevere in such arguments; but, where such objection is made, and the exception to such a course in argument is duly taken, the same may be good ground for new trial or for reversal. We do not understand the case of *Brown v. Swineford,* 44 Wis. 282,

to which we were referred, and in which Justice Ryan considers this question, to go to any greater length. We must, necessarily, defer, to a large extent, in any case, and especially in civil cases, to the action of the trial courts upon questions of this sort. In the present case, there was no objection made or exception saved to the said closing argument of plaintiff's senior counsel, at the time or during its delivery, and no ruling of the trial court then asked in that behalf. In the absence of such timely objection and exception, we must, under our practice, deem the same waived, at least in a civil case, and where the damages awarded by the verdict do not appear to be excessive, we cannot reverse the judgment, upon this ground.

This leads to an affirmance of the judgment, and it is accordingly so ordered. All concur.