WILLIAM L. PAUL, Respondent, v. OMAHA & ST. LOUIS RAILWAY COMPANY, Appellant.

Kansas City Court of Appeals, February 5, 1900.

1. **Personal Injury:** FORMER ACCIDENT: JURY QUESTION: EVIDENCE: PRACTICE. The record in this cause discloses abundant evidence to send to the jury the question whether plaintiff's injuries were the result of the accident sued for, or of a former accident; and the appellate court will not step between the defendant and the verdict.

2. **Appellate and Trial Practice: WITNESSES UNDER RULE: EXPERTS.** Whether experts shall be put under the rule and excluded with other witnesses from the trial, is addressed almost entirely to the discretion of the trial court and the appellate court will not interfere unless the record discloses a clear abuse.

3. ———: **PERSONAL INJURY: EXAMINATION OF DEFENDANT.** There is no absolute right to have a defendant examined in a personal injury case, but the trial court may in the interest of justice permit it, and its action is final unless accompanied with manifest abuse.

4. **Evidence: PERSONAL INJURY: AVERAGE EARNINGS: DAMAGES.** In a personal injury case the average earnings of the defendant where he has no fixed salary, are proper to go to the jury on the extent of his loss.

5. **Personal Injury: EXTENT AND CHARACTER: INSTRUCTION: DEFENDANT'S DUTY.** Defendant is not entitled to a verdict simply because plaintiff may fail to prove the extent and character of his injury and striking such word out of the instruction does not leave the jury to give substantial damages; and defendant is at fault if he so words his instructions as to make it necessary to refuse them.

Appeal from the Jackson Circuit Court.—*Hon. E. P. Gates,* Judge.

AFFIRMED.

*J. G. Trimble* for appellant.

(1) The court erred in excluding defendant's medical expert witnesses from the court room during the trial of the case. Our contention in this case is that the court's discretion was abused. So far as can be discovered from the decisions of this state, the question as to whether experts should be excluded from the court room has never been passed upon. Brown v. State, 3 Tex. Crim. App. 295, the court held that it was improper to separate expert witnesses. (2) The court erred in refusing to appoint the commission to examine the

plaintiff as requested by defendant. This again is a matter that our courts have held to be within the discretion of the trial court, but our supreme court in the case of Fullerton v. Fordyce, 121 Mo. 1, intimates very strongly that it would have reversed the case because of the refusal of the court to appoint a commission to examine the plaintiff were it not that the case must be reversed for other reasons. (3) The court erred in admitting evidence of the probable earnings of the plaintiff, as testified to by him on page 24, and by his employers on page 97 to 106 of the record. There can be no recovery for damages resting upon contingencies and speculations. Connoble v. Clark, 38 Mo. App. 476; Turner v. Gibbs, 50 Mo. 556; Fisher v. Goebel, 40 Mo. 475; Saunders v. Brosius, 52 Mo. 50; Niemetz v. A. and M. Ass'n, 5 Mo. 59, 63. Nor can there be any recovery for probable earnings. Taylor v. Maguire, 1 Mo. 313; s. c., 13 Mo. 517; Mfg. Co. v. Clark, 32 Mo. 305; Lewis v. Ins. Co., 61 Mo. 534. The testimony admitted was not certain and definite. (4) The court erred in modifying instructions 1, 2 and 6 so as to allow the jury to find for plaintiff, although he had not shown the character and extent of his injuries.

*William A. Harnsberger, William H. Moore* and *Karnes, New & Krauthoff* for respondent filed lengthy argument.

ELLISON, J.—1. This action is for damages which plaintiff charges he has sustained by reason of personal injuries received while a passenger on defendant's road. The judgment in the trial court was for plaintiff.

Plaintiff entered one of defendant's cars as a passenger at the city of Maryville. In a few minutes after leaving that place the train became derailed and ran along and over the ties of the track about three hundred feet before it was stopped. The car on which plaintiff was riding was partially

turned over—turned at an angle of forty or forty-five degrees. He claims to have had his breast bone badly hurt and to have received other internal injuries.

Two points in this case are practically conceded: First, that defendant was guilty of negligence, its track being in an unsafe condition. Second, that plaintiff was found to be injured. The only dispute is, whether he was hurt in the accident on defendant's road, or in an accident some months previous on another line of railway. Plaintiff concedes that he was in an accident prior to the one here sued for, in which his knee was severely injured, and that at the time of the accident now in question he was suffering therefrom so much that when he was thrown from his seat with his feet and leg wrenched and caught under a seat the pain of the old injury was so sharp and severe as to cause him, at first, to locate that as the sum of his injuries in this accident. But that it soon became apparent to him that he was not only suffering from a renewal of the old pain but that he was otherwise severely hurt, especially on the breat bone. Whether he was hurt further than a disturbance of the old wound, or injury of the knee, was really the controversy in the case. And in support of his assertion in the affirmative, there was abundant evidence. If he and many corroborating witnesses were believed there was but one course and that was a verdict for substantial damages. What he testified in his own behalf, added to what was given in evidence by others, was submitted to the jury along with all that was urged by defendant in disparagement of the truth of his story or the extent of his injury. It ought not to be expected that we will step in between defendant and the result on mere questions of fact.

2. But errors are complained of as having been committed by the court. At the trial the witnesses were excluded from the court room. Defendant asked that the rule be not applied to some physicians who were present on the part of

defendant to give expert testimony. The court refused the request and excluded them with the others. The subject of this complaint is one of those matters which is entrusted almost entirely to the discretion of the trial court. It is only where the record discloses a clear abuse of such discretion that an appellate tribunal would feel justified in interfering.

"The court does not abuse its discretion in the slightest by subjecting medical experts to the operation of the rule." 1 Thompson on Trials, sec. 278. The learned writer continues: "The writer expresses the view with confidence that it is the better exercise of discretion to put such witnesses under the rule, since where they are permitted to remain in court during the trial, they are apt to form theories from the evidence, towards which their testimony will be directed, instead of its being directed in a colorless manner to the hypothetical states of fact which may be submitted to them by counsel on either side."

"The better doctrine is that they (experts) not only may be, but should be, excluded in a proper cause at the exercise of sound judgment." 2 Elliott Gen. Prac., sec. 562.

3. It is also urged that the court erred in not permitting an examination of plaintiff as requested by defendant. The request was not made until the afternoon of the second day of the trial, which was considerably more than a year after the accident and long after defendant knew of the nature of plaintiff's claim.

It was at first ruled in this state that there was no right to have an examination at the instance of the party charged with the injury. Loyd v. Railway, 53 Mo. 509. But it is now held that while there is no absolute right to have such examination, it may be had if the trial court should conclude it was best in the interest of justice; but that this was a matter in the discretion of the judge which will not be interferred with unless manifestly abused. Shepard v. Railway, 85 Mo.

629; Sidekum v. Railway, 93 Mo. 400; Owens v. Railway, 95 Mo. 169; Fullerton v. Fordyce, 121 Mo. 1.

4. Complaint is made of the admission of evidence as to plaintiff's earnings before he was hurt. It seems that he was a travelling salesman and sold goods on commission and that he knew what his earnings had been averaging prior to his injury. Where the plaintiff does not receive a stated sum, such as daily wages or a fixed salary, his average earnings from his exertion, prior to the injury, may be considered. As was remarked by the trial judge, if such evidence was excluded there was no means whereby a jury could learn of the extent of an injured party's loss in this respect. Such evidence certainly tends to establish what his probable loss has been and it was proper to hear it. Griveand v. Railway, 33 Mo. App. 458 and cases cited; Stewart v. Patton, 65 Mo. App. 21; see also, cases from supreme court; Dougherty v. Railway, 97 Mo. 647; Gratiot v. Railway, 116 Mo. 450; Clark v. Railway, 127 Mo. 197. "They (the jury) are interested only in knowing what he did actually earn or what his services were reasonably worth prior to the time of his injury. In settling this question they should consider not only his past earnings or the fair value of services such as he was able to render, but his age, state of health, business habits and manner of living." Goodhart v. Railroad, 177 Pa. St. 1.

5. The defendant asked three instructions which declared, among several other things, that it was necessary for plaintiff to prove not only the accident and injury, but the character and extent of the injury, and if he had not the verdict should be for defendant. The court modified these by striking out the requirement of proof of "character and extent" of the injury. In view of the fact that the instructions contained an absolute and express direction to find for defendant, it was proper to strike out those words. For, plaintiff by reason of testimony of any injury and a consequent loss was entitled to some damages, nominal, if nothing more.

Defendant was not entitled to a verdict merely for the reason that the character and extent of the injuries received were not shown. Modifying these instructions did not have the effect to leave the jury to give substantial damages even if the character or extent of the injury was not shown, for the reason that other instructions placed the matter properly before the jury. But at any rate it was defendant's fault to so word its instructions as to make it necessary to refuse them as written.

In view of the instructions given for either side we can see no possible harm in the refusal of defendant's fourth.

A careful examination of the whole record leaves us without reason sufficient to justify an interference, and the judgment is consequently affirmed. All concur.