HANHEIDE, Respondent, v. ST. LOUIS TRANSIT
COMPANY, Appellant.

St. Louis Court of Appeals, February 2, 1904.

1. STREET RAILWAYS: Duties of Motormen and Drivers of Ve-
hicles: Jury Question. The plaintiff, driving a heavy wagon,
started across the track on which defendant's car was approach-
ing, looked and saw the car at a distance of 225 feet while his
horses were about five feet from the track, and whipped up his
team in order to get across, when the wagon was struck on the
rear end before it was wholly across, causing the injuries com-
plained of. *Held*, it devolved upon the plaintiff and the motor-
man alike to exercise due care to avoid the collision and it was
for the jury to determine which was in fault.

2. ———: ———: Last Chance. And, although, plaintiff was neg-
ligent in approaching and crossing the track, under the cir-
cumstances, that would not justify the infliction of the injury,
if the motorman by the exercise of reasonable care and cau-
tion could have avoided it.

3. INSTRUCTIONS: Contributory Negligence: Ignoring Defense.
In an action for injuries received in a collision with a street car,
caused by the negligent management of the car by defendant's
servants, where the defense was contributory negligence on the
part of plaintiff, it was error to submit an instruction, cover-
ing the plaintiff's theory of the case, which ignored the defense
of contributory negligence, unless such defense was properly
presented in other and separate instructions.

4. ———: ———: ———. Another instruction, which purported
to give a legal definition of contributory negligence, but de-
manded that such negligence shall be the sole and direct cause
of the accident, in order to defeat recovery, was insufficient to
meet the requirement.

Appeal from Franklin Circuit Court.—*Hon. Wm. A.
Davidson*, Judge.

REVERSED AND REMANDED.

*Sears Lehmann* with *Geo. W. Easley* and *Boyle, Priest & Lehmann* for appellant.

(1) The court erred in giving instruction No. 1 for the plaintiff. (a) This instruction ignores the issue of contributory negligence of the plaintiff in driving on and remaining on the track in front of a moving car, raised by the defendant in the pleadings and brought out by plaintiff's own evidence. Such instructions are erroneous. Sullivan v. Railroad, 88 Mo. 169; Carrico v. Railroad, 14 S. E. 12. Especially is this error, when such issue is not covered properly by other instructions. Schroeder v. Michel, 98 Mo. 43. (b) This instruction singles out certain facts and tells the jury that if they believe these facts then they should find for the plaintiff. Such instructions are erroneous. Chappell v. Allen, 38 Mo. 213; Schaffer v. Lealy, 21 Mo. App. 110; Meyer v. Railroad, 45 Mo. 137. (2) Under the instructions in this case the question of the plaintiff's negligence was not submitted to the jury. The evidence showed that plaintiff drove on the track from 100 to 225 feet in front of a moving car which he plainly saw, and attempted to cross the track at a slow walk. The question of his negligence under these circumstances was a question for the jury, and should have been submitted to them. Cass v. Railroad, 47 N. Y. Sup. 356; Linder v. Transit Co. (this term of this court); Patterson v. Townsend, 91 Iowa 725, 59 N. W. 205; Lowy v. Railroad, 62 N. Y. Sup. 743; McCormick v. Railroad, 44 N. Y. Sup. 684; Kennedy v. Railroad, 52 N. Y. Sup. 550; Witzel v. Railroad, 52 N. Y. 521; Kerr v. Railroad, 63 N. Y. 310. (3) The court committed error in constantly interrupting defendant's counsel as he was arguing the case to the jury, and making remarks prejudicial to the defendant in the presence of the jury. 21 Am. & Eng. Ency. of Pl. and Practice, 994; State v. Manhattan Rubber Co., 149 Mo. 181; McPeak v. Railroad, 128 Mo. 617; Wright v. Richmond, 21 Mo. App. 76.

*Scullin & Chopin* and *John W. Booth* for respondent.

There is no error in the instructions given by the court in this case authorizing the jury to find the issues for respondent. Sepetowsky v. St. Louis Transit Co., 76 S. W. 696, and cases there cited; Hutchinson v. Railroad, 88 Mo. App. 376; Moritz v. St. Louis Transit Co., 77 S. W. 477.

### STATEMENT.

This, an action for damages for personal injuries sustained by plaintiff in collision between his wagon and an electric car of defendant, on the sixth day of November, 1902, was begun in the circuit court of the city of St. Louis, and upon application of plaintiff for change of venue, transferred to the circuit court of Franklin county.

The petition contained averments that plaintiff was driving in a western direction on North Market street, and when he reached the point of its intersection with Fifteenth street and while crossing defendant's tracks, his wagon was struck by a car travelling northward on Fifteenth street and his consequent injuries were described: the assignments of negligence were negligent and careless management of defendant's car by its servants, in failing to exercise ordinary care to keep watch for vehicles crossing said tracks, in failing to give any signal of the approach of the car, and to use ordinary care to stop the car after the danger to plaintiff became apparent, or by exercise of ordinary care, would have become apparent, and by running at a high rate of speed.

The defense, coupled with a general denial, the plea of contributory negligence in driving upon the track in front of a moving car, at a time and place when and where, by looking and listening, he might have seen and

heard the approaching car in time to have remained off and gotten off the track and avoided the accident, and that he failed to look or listen for the approach of such car, and to heed what he saw, if he did look or listen, and thereby caused his own injuries.

The evidence introduced consisted of the testimony offered on part of plaintiff, defendant tendering none. Plaintiff testified that at about half past five o'clock in the afternoon, he was driving a team hauling a heavy wagon west on North Market street and in crossing Fifteenth street was struck by a car north bound; that before starting across Fifteenth street he had looked for cars and saw this car about three-quarters of a block, or 225 to 230 feet distant, at which time, his horses were about five feet from the track; that he saw the motorman was approaching with unabated speed and he whipped up his team to get across; that the tips of his horses' heads were about twenty-four feet from the wagon end, and the wagon was struck in the rear before it was wholly across. He further deposed that he rode on street cars but not very often, had frequently seen them and could form an opinion of the speed of a car going between two points; and while it was difficult to determine, the rate of this car was between 10 and 12 miles per hour; that the motorman made no effort to check the speed until about ten or fifteen feet from the wagon and there was no obstruction and he saw the car plainly when he drove on the track. Other witnesses differed but slightly from plaintiff in their description of the occurrence, the estimates of the distance separating the car from the wagon, when the latter was started across the track, varying, and two witnesses, former motormen, testified, one that on a level track a car could be stopped in twenty-five feet moving at a rate of twelve miles per hour, and if the track was slippery, ten feet more would be required, and the other that at rate of twelve miles per hour on a slippery track, thirty-five feet was the least distance in which a car could be stopped.

At the close of plaintiff's testimony the court charged the jury by a series of instructions and those as to the measure of damages, form of verdict and definition of ordinary care, appellant makes no complaint of. The court gave as its first instruction, and at instance of respondent, the following:

"1. The jury are instructed that if you believe from the evidence that plaintiff, driving a wagon and team of horses, drove on the track of the defendant in front of an electric car, provided with brakes and appliances for stopping such car, then being run and operated on said tracks by defendant at a speed of twelve miles per hour, and that plaintiff and said wagon and team being so on said track were crossing the same at a slow walk and were then and there in a place of great danger, and were then and there seen by defendant's motorman then and there operating said car, to be so on said track and so crossing the same while the said car was at such a distance from plaintiff and from said wagon and team that by the ordinary use of the brakes and other appliances for stopping said car, said car might have been stopped and the striking of said wagon by said car might have been avoided and that said motorman, so seeing plaintiff and being aware of his situation, continued to run said car toward plaintiff without attempting to stop said car until it was so close upon plaintiff and said wagon that it could not be stopped in time to avoid striking said wagon and injuring plaintiff, and that by reason thereof said car struck said wagon and injured plaintiff as alleged in plaintiff's petition, then such failure to attempt to stop such car under such circumstances and in the absence of explanation or excuse would be negligence chargeable to the defendant, and if the jury find the facts to be as aforesaid, they should find the issues for the plaintiff."

After the argument, the following was given of the court's own motion:

"If the jury find from the evidence that the fact that plaintiff drove on the track of defendant in front of a moving car, if you find he did so drive on said track and that was the sole and direct cause of the injury, you will find the issues for the defendant, but if you find that after plaintiff drove on said track defendant's motorman operating the car saw plaintiff on the track while the car was at such a distance from plaintiff that he could, by the use of the brakes on said car provided for stopping the same, have stopped the same in time to have avoided injuring plaintiff, and neglected to so stop the car and run the car against plaintiff's wagon and injured plaintiff, then you can not find that plaintiff's driving on the track was the sole and direct cause of plaintiff's injuries."

REYBURN, J. (after stating the facts as above). —1. The first instruction above is assailed as wholly ignoring the issue of contributory negligence, and the Sullivan case (88 Mo. 169), is invoked in support of the contention. The true rule is, the instructions are to be taken as a whole, and if the defense of contributory negligence had been presented to the jury, though disregarded in the first, but properly presented in a subsequent and separate instruction this would have been sufficient, and such is the doctrine of Owens v. Railway, 95 Mo. 169, wherein, the contrary ruling of the above authority relied on by appellant, is expressly repudiated. But this method was not pursued, defendant had interposed the defense of contributory negligence, and plaintiff's denial in his reply presented such issue, and defendant had the right to have such question submitted to the jury, and in the form in which the jury were instructed the stricture of this instruction was well founded, and it is fatally defective. Much of the reasoning in the case of Linder against this defendant (No. 9051, December 15, 1903) lately before this court, and cited by appellant is applicable to this case. The rights of em-

ployment of public streets as highways by the public whether on foot or in vehicles, and their use for the convenience of transportation of the public by cars propelled by electric power are equal and concurrent, and to be taken advantage of and exercised to avoid injury and with reasonable regard to the common safety. It devolved alike on the plaintiff and motorman of defendant to exercise due care to avoid the impending collison, and it was for the jury and not for the court under the facts and circumstances herein presented, to determine which party was at fault. The Supreme Court in a recent case, not adverted to in this argument, has again announced the legal principles governing where a collision has ensued between a private vehicle and an electric car, and while in many particulars the facts therein reviewed do not resemble those presented by this record, yet light is thrown on this case therefrom, and especially in two directions. It is therein held that at a crossing or intersection of public streets, no particular rate of speed can be deemed lawful regardless of the conditions and circumstances that confront the motorman at the time, and where a motorman discovers that a vehicle is negligently approaching a crossing, it becomes his duty to regulate the speed of his car, if in his power, so as to avoid the infliction of any injury, and the familiar doctrine is therein reiterated that the mere negligence of a plaintiff in approaching and crossing a track would not justify the infliction of an injury if it could be avoided by the adoption and exercise of reasonable care and caution. Holden v. Railroad, 76 S. W. 973. The same doctrine has been announced in this court in these words: "The settled rule in this State is that, though the plaintiff negligently placed himself in a perilous position by driving on or near the track, the motorman operating the car owed the plaintiff the duty of trying to avoid injuring him, and plaintiff's previous negligence did not bar a recovery, if the injury resulted from the

negligence of the motorman in not stopping or checking the car," citing numerous decisions.  Septowsky v. Transit Co., 76 S. W. 693.

2.  The instruction, already quoted, given after the argument had proceeded, in no wise modified or injected into the first instruction for plaintiff a proper consideration of the contributory negligence, if any there was, on the part of plaintiff.  While purporting to give a legal definition of contributory negligence, this instruction demands that such negligence shall be found the sole and direct cause of the accident, an interpretation at war with the term "contributory" itself.  This court has lately held in such cases, that if the accident be caused by the joint and concurring negligence of both plaintiff and defendant's agents, and the negligence of neither without the concurring negligence of the other would have caused the injury, the plaintiff is not entitled to recover.  Hornstein v. Railroad, 97 Mo. App. 271.

3.  The appellant has made conspicuous the discussion participated in by the trial judge and opposing counsel prior to argument to the jury, as a result of which appellant's counsel declined to present any argument on its behalf; it will suffice to dispose of this branch of the case by the expression by this court of the confident belief that such occurrence will not recur at any future trial.

Judgment reversed and cause remanded.  *Bland, P. J.,* and *Goode, J.,* concur.