MADISON SHORES, Respondent, v. CITY OF ST. JOSEPH, Appellant.

**Kansas City Court of Appeals, December 7, 1908.**

1. MUNICIPAL CORPORATIONS: Defective Streets: Negligence: Evidence. Evidence held ample to support a finding of negligence on the part of the defendant city and of a want of contributory negligence on the part of the plaintiff.

2. ————: ————: Instructions. Certain instructions when considered separately are not models, but as a series there is no doubt whatever that no ill effect was produced upon the jury.

3. ————: ————: Notice. *Held*, on the facts there was no question of notice in the case.

Appeal from Buchanan Circuit Court.—*Hon. W. D. Rusk*, Judge.

AFFIRMED.

*W. B. Norris* and *O. E. Shultz* for appellant.

(1) Plaintiff's instructions are erroneous. Jacquin v. Cable Co., 57 Mo. App. 320; Schlereth v. Railroad, 96 Mo. 515; Dahlstrom v. Railroad, 96 Mo. 103; Absher v. Franklin, 121 Mo. App. 33; Harrison v. Lakeman, 189 Mo. 608; Wise v. Transit Co., 198 Mo. 559; Womach v. St. Joseph, 168 Mo. 242; Heinzle v. Railroad, 182 Mo. 559; Bank v. Currie, 44 Mo. 91; Carroll v. Railroad, 60 Mo. App. 468; Voegeli v. Marble & Granite Co., 49 Mo. App. 650; Goetz v. Railroad, 50 Mo. 472; Hohstadt v. Daggs, 50 Mo. App. 240; Jackson v. Kansas City, 106 Mo. App. 52; Gerber v. Kansas City, 105 Mo. App. 191; Campbell v. Stanberry, 85 Mo. App. 159; Turner v. Railroad, 78 Mo. 578; Welch v. Railroad, 20 Mo. App. 447; Wood & Wood v. Steamboat Fleetwood, 19 Mo. 529; Baker v. Railroad, 122 Mo. 549; Bindbeutal v. Railroad, 43 Mo. App. 474; Thummel v. Dukes, 82 Mo.

App. 53; Bluedorn v. Railroad, 108 Mo. 449; Stone v. Hunt, 94 Mo. 480; Frederick v. Allgaier, 88 Mo. 603; Thomas v. Babb, 45 Mo. 387; Price v. Railroad, 77 Mo. 512. (2) The court erred in failing to require the jury by proper instruction to find that the defendant had notice of the defect for a sufficient length of time to enable the city to have reasonable time in which to repair or grade the same. Doherty v. Kansas City, 105 Mo. App. 176; Ball v. Neosho, 109 Mo. App. 693; Badgley v. St. Louis, 149 Mo. 134; Young v. Webb City, 150 Mo. 333; Baustian v. Young, 152 Mo. 325; Ballard v. Kansas City, 126 Mo. App. 541.

*C. L. Faust* and *C. F. Strop* for respondent.

(1) This case was fairly tried and there should be no reversal on account of errors if any, unless they were such as would likely change the finding by the jury. In other words there should never be a reversal unless prejudicial error has been committed which is material to the issue. Mo. Ann. St. 1906, sec. 865, and cases cited in note. (2) The appellant in this court makes no complaint about the refusal of any instruction asked by it. It therefore must be taken as true that the appellant's theory of this case was presented to the jury as favorably as the facts warranted. (3) It is not contended that there is any conflict in the instructions when read together, therefore no error was committed in the matter of instructions. Meadows v. Insurance Co., 129 Mo. 97; State ex rel. v. Pope, 102 Mo. 426; Owen v. Railroad, 95 Mo. 169; Bank v. Hatch, 98 Mo. 376; Spillane v. Railroad, 111 Mo. 564; Schroeder v. Michel, 98 Mo. 48; Shanahan v. Transit Co., 109 Mo. App. 232; Austin v. Transit Co., 115 Mo. App. 152. (4) The instructions given in behalf of plaintiff contain no error and fairly present the law of the case.

Greer v. Bank, 128 Mo. 575; Redman v. Adams, 165 Mo. 70; Barkley v. Cemetery, 153 Mo. 317.

ELLISON, J.—This action was instituted by plaintiff to recover damages for personal injury alleged to have been received through the negligence of defendant in the care of one of its streets. The judgment in the trial court was for the plaintiff.

Under one of defendant's principal streets there was a main sewer and on the surface there were street railway tracks. A heavy rainstorm had partly washed out the sewer so that the street had fallen in for considerable space, perhaps 150 or 160 feet, leaving a large opening or hole, a depth of ten or twelve feet, extending from the side, including the sidewalk, up to about the car tracks. The city ran a fence along the side of the opening until it came up to within about two feet of the tracks where it narrowed to a space four or five feet across. Here the fence spanned the opening, leaving a narrow portion outside the fence. Across this hole two boards, each one foot wide, were said by defendant to have been laid, without being nailed or secured. Thus, one following the fence would come to the boards and walk across. This condition remained for near six weeks.

It was in the night when plaintiff came along. He followed the fence until he came to the place where the boards were said to have been placed and fell in, receiving the injuries of which he complains. The evidence was contradictory as to the sufficiency of lights maintained by the city; and so it was as to whether there were in fact any boards across the narrow open space into which plaintiff may have stepped. But when all is considered, it leaves no doubt of its affording ample ground to support the verdict finding negligence on the part of the city and no contributory negligence on plaintiff's part, and we have only to consider the in-

structions given for plaintiff, as defendant makes no complaint as to those offered by it.

The criticisms of plaintiff's instructions are altogether technical and in view of the gross negligence of the city, as shown by the extraordinarily dangerous conditions in the street, we are not inclined to give them any more favorable consideration than the law absolutely requires. Considered separately, the instructions are not to be commended as models, but when considered as a series, in connection with those for defendant, as they should be, there is no doubt whatever that no ill effect was produced with the jury. [Meadows v. Insurance Co., 129 Mo. 76, 97; Owens v. Railroad, 95 Mo. 169; State ex rel. v. Hope, 102 Mo. 410, 426.] By the instructions plaintiff voluntarily took upon himself burdens he need not have assumed.

There is no proper place in this case for a question of notice to the city. It is conceded that it knew of the great width and depth of the hole in the street, and the only question was as to sufficient protection which it assumed. [Drake v. Kansas City, 190 Mo. 370.]

In truth the only real controversy in the case was as to plaintiff's exercise of ordinary care; that is, whether he was free from contributory negligence, and of this we think the jury was properly advised. But for that part of the case showing plaintiff's unfortunate condition and situation in life there would have been little room left for argument against the justness of his cause.

The judgment was for the right party, and is affirmed. All concur.