25  317
49  247
25  317
54    3
54  109
56  211
114m573

ZACHARY T. PIERCE, Respondent, v. INHABITANTS OF THE TOWN OF LUTESVILLE, Appellant.

### St. Louis Court of Appeals, April 5, 1887.

1. MUNICIPAL CORPORATIONS—DENIAL OF CORPORATE EXISTENCE—PRACTICE.—A denial of the corporate existence of a defendant sued as a municipal corporation, must, under the act of March 15, 1883, be made under oath.

2. ——— HIGHWAY, EVIDENCE OF—DAMAGES.—Proof that a highway laid out on the town plats as a street had long been used as such, and had been repaired as such, by order of the town trustees, is sufficient evidence that it was a street of the town, to make the town liable to one sustaining personal injuries by reason of its defective condition as a highway.

APPEAL from the Bollinger County Circuit Court, JAMES D. FOX, Judge.

*Affirmed.*

CONRAD & SMITH, for the appellant: The town of Lutesville was not incorporated until May, 1879, for the order attempting to incorporate it, in July, 1873, and offered in evidence by the plaintiff, is void upon its face, and should have been excluded. 2 Wag. Stat., 1872, sect. 1, p. 1314; *Kayser v. Inhabitants of Bremer*, 16 Mo. 88. The inhabitants of the town of Lutesville are not liable, because there was never any ordinance or resolution by board of trustees authorizing the opening or working of Front street, the building or repairing of any bridge or culvert on Front street, or anywhere in the town. *Stewart v. City of Clinton*, 79 Mo. 603; *Werth v. City of Springfield*, 22 Mo. App. 12; *Saxton v. City of St. Joseph*, 60 Mo. 158. For the non-exercise, or defective exercise, of legislative powers, a municipal corporation is not liable to any one injured thereby. *Saxton v. St.*

*Joseph,* 60 Mo. 158; *Keating v. City of Kansas,* 84 Mo. 415; 2 Dillon on Mun. Corp. [3 Ed.] sect. 949, p. 948.

W. K. CHANDLER, for the respondent: The town of Lutesville was acting as a municipal corporation under color of law, and its existence as such can not be called in question in a collateral proceeding. *St. Louis v. Shields,* 62 Mo. 247; *Fredericktown v. Fox,* 84 Mo. 59. The street was dedicated, platted, accepted, used, and repaired as a street, and thus became a public highway. Rev. Stat. sects. 6569, 6570; *Reed v. Edina,* 73 Mo. 295; *California v. Harwood,* 78 Mo. 88; *Becker v. St. Charles,* 37 Mo. 14. And it was the duty of the town to keep it in a reasonably safe condition for travel. Shearm. & Redf. on Negl. [3 Ed.] sect. 377; *Beaudean v. Cape Girardeau,* 71 Mo. 392. Municipal corporations are liable for personal injuries caused by their negligence. *Bassett v. St. Joseph,* 53 Mo. 290. People traveling the street could not go around the bridge, but had to cross it. It was on the most public street in town, and at the most public place on the street—more traveled over than any other in town. It was defendant's bounden duty to keep it in a safe condition of repair, and it can not avoid its duty, because its record shows no ordinance until after the injury to the plaintiff. *Welsh v. St. Louis,* 73 Mo. 71; *Kiley v. Kansas City,* 87 Mo. 103; *Bassett v. St. Joseph,* 53 Mo. 290; *Craig v. Sedalia,* 63 Mo. 417; *Oliver v. Kansas City,* 69 Mo. 79; *Loewer v. Sedalia,* 77 Mo. 431; *Russell v. Columbia,* 74 Mo. 480; *Bowie v. Kansas City,* 51 Mo. 454; *Smith v. St. Joseph,* 45 Mo. 449.

THOMPSON, J., delivered the opinion of the court.

This was an action for damages for a personal injury sustained by the plaintiff, in consequence of breaking through a bridge on one of the principal streets of the town of Lutesville, whereby he was thrown from his saddle, dragged a considerable distance by his foot, which

was caught in the stirrup, and severely and painfully injured. The record, after a general denial, sets up contributory negligence, consisting of reckless riding over the bridge, and mingles with this allegation the charge that the plaintiff was drunk at the time. A trial before a jury resulted in a verdict and judgment for the plaintiff in the sum of three hundred dollars, from which the defendant prosecutes this appeal. The record is long, and abounds in objections, most of which were frivolous, and were properly overruled. The evidence amply supported the verdict, and the assignment of error, that the court erred in overruling a demurrer to the evidence, may be laid at once out of view. There was evidence tending to show that the injuries received by the plaintiff were of a very painful character, and of a nature likely to be permanent, though as to the permanent character of them, the evidence was conflicting. If we are entitled to consider this verdict by comparison with other verdicts, which are returned by juries and sustained by the courts, in like cases, we are bound to say that the jury appear to have made a moderate award of damages, considering the evidence as to the nature of the injury. Indeed, we feel, on the whole, much less difficulty in dealing with this record than we usually encounter in dealing with the records in similar cases.

I. A serious question is encountered in the ruling of the trial court in allowing the plaintiff, testifying in his own behalf, to give *his opinion* as to how much he had been damaged by the injury. His answer was, "Five thousand dollars." This ruling was clearly erroneous. It was for the jury, and not for the witness, to give an opinion on the subject, after hearing all the evidence. *Railroad v. Kelley*, 58 Ga. 107; *White v. Stoner*, 18 Mo. App. 540, 547; *Belch v. Railroad*, 18 Mo. App. 80; *Winkler v. Railroad*, 21 Mo. App. 99; s. c., 21 Mo. App. 109. But, as the plaintiff was of opinion that he had been damaged five times as much as the amount for which he sued, and more than thirty times as much

as the amount which he recovered, as the whole evidence indicates that he was not a man of very much standing in the community, and, as the jury returned a moderate award of damages, it does not appear that they would have been likely to have been influenced by such an expression of opinion, or that they were so influenced. We, therefore, think that this error wrought no substantial prejudice to the defendant. If the award of damages had been so large as to create any doubt as to its propriety, our ruling would be different.

II. There is no force in the objection that the plaintiff failed to prove that the defendant had been duly incorporated. The defendant was sued as a corporation, and the allegation that it was a corporation was not denied on oath, as required by the act of March 15, 1883, amending Revised Statutes, section 3653. The view that the statute applies only to private corporations is not sound. The reason of the rule, which prohibits the fact of the existence of a *de facto* corporation from being contested in a private action of this kind, and which prescribes that it can only be done in a proceeding by *quo warranto* by the state, applies with equal force to municipal as to private corporations; and our supreme court, in stating and applying the rule, cite adjudications in respect of both kinds of corporations, indifferently. *St. Louis v. Shields*, 62 Mo. 247, 251, and cases cited; *Fredericktown v. Fox*, 84 Mo. 59, 65, and cases cited. Aside from the failure to raise the question properly on the record, the evidence amply showed that the defendant had been incorporated by an order of the county court; that it had accepted the order of incorporation; that it had notified the county court that it had assumed control of the streets and alleys within its limits; and that it was, at the time of the injury, and long before, in the full exercise of corporate powers; the law will not allow the inhabitants of a town to be an incorporation for every purpose beneficial to them, and

not a corporation for the purpose of evading their corporate liabilities.

III. The proposition that the defendant is not liable, because it had not built the bridge which broke, and because it had never, *by ordinance*, laid out the street as a highway, or authorized its repair, is equally untenable. The evidence shows that the town was platted, and the streets and alleys dedicated, under the statute relating to the making and recording of town plats, in the year 1869 ; that the town was thereafter incorporated by the county court, which order of incorporation, as already stated, was accepted ; that the town proceeded to notify the county court of its assumption of jurisdiction over the streets within its limits ; that the street, of which this bridge was a part, was one of the streets so platted and dedicated ; that it had long been used as a public highway, and was one of the principal thoroughfares of the town ; that the town had authorized its street commissioner to repair, according to his discretion, all the streets within the town limits ; that, in one such order, this particular street had been mentioned ; that this particular bridge had been so repaired or reconstructed, after a washout, by the street commissioner, and that he had been paid for it by the town board. In all this there was the amplest evidence whereon to base the liability of the defendant to a traveler sustaining injuries through the negligent non-repair of this particular street or bridge. It is a mistaken conception that, in order to a recovery in a case of this kind, the plaintiff must show that the street has been formally laid out by ordinance. It may be equally established by evidence of a dedication, acceptance, and user as a public highway. *Beaudean v. Cape Girardeau,* 71 Mo. 396. Nor is the principle that a municipal corporation is not liable, in damages, for the non-exercise of its *quasi sovereign*, or legislative, functions, such as the *opening* and *improving* of a new street, where none existed before, at

all applicable to this case; because the street had long before been dedicated, improved, and used as a public highway, and in such cases the duty of reparation is ministerial merely.   2 Thomp. Neg. 731, *et seq.*

IV.   The instructions, taken as a whole, submitted the case fairly to the jury, and in a manner, perhaps, more favorable to the defendant than to the plaintiff. The court gave eleven instructions for the defendant, and refused four.   Those which were refused were properly refused, for the reasons stated in the preceding paragraph.

The judgment will be affirmed.   It is so ordered. Rombauer, J., concurs; Lewis, P. J., absent.