MAGGIE J. KINNEY, Administratrix, Respondent, v. THE CITY OF SRINGFIELD, Appellant.

St. Louis Court of Appeals, March 19, 1889.

1. **Amendment:** CONTINUANCE. When it does not clearly appear that an amended petition introduces new issues, or that the court abused its discretion in refusing a continuance to the defendant on account of such amended petition, an appellate court will not reverse the judgment because of such refusal.

2. **Personal Injuries:** PHYSICIAN'S EXAMINATION. In an action on account of personal injuries caused by the defendant's negligence, the making of an order for an examination of the plaintiff by a committee of physicians, with reference to the extent of the injury suffered, if any, is within the sound discretion of the court, and it cannot be said that there was an abuse of that discretion, in refusing the order, when the application therefor was made only one day before the cause was called for trial, and two days after the day for which it was docketed. It was not permissible to show, in that connection, that the plaintiff had declined to submit to such an examination.

VOL. XXXV—7

3. **Instructions**: EXCESSIVE NUMBER. The trial court was justifiable in refusing thirty-three instructions tendered by the defendant, on account of their number alone.

4. **Instructions**: GROUNDS OF RECOVERY. The cause of action was the defendant's negligence in leaving uncovered a large hole in the sidewalk of a public alley, into which the plaintiff fell, thereby receiving permanent injuries. The court instructed, substantially, that it devolved on the plaintiff to show that the alley was a public street or passway, and was under the defendant's control and management ; that there was an opening in the sidewalk thereof, as set forth in the petition, which rendered travel incident to the alley dangerous ; that the defendant had notice of this defect prior to the accident, and failed to make repairs, or to place sufficient covering or guards over the same ; that the plaintiff, without any negligence on his part, and while in the exercise of ordinary care, stepped into the opening when passing along the alley at night, and, on account of the darkness, was unable to avoid the danger by the use of ordinary caution and diligence ; and that, whether the sidewalk was on the alley or the adjoining private lot, or whether the defendant had, or had not, built the same, it was a municipal duty of the defendant to keep it in repair. *Held*, that the instruction was correct, and was properly given.

5. **Instructions**: INSUFFICIENT COVERING OF DEFECT. An instruction to the effect that, if a box placed over a dangerous hole was not fastened down, but was loose and liable to be removed at any time, and was in fact so removed at different times during several weeks, then such box did not constitute a proper covering or guard, and would not relieve the city from the charge of negligence, was properly given.

6. **Negligence**: QUESTION FOR COURT OR JURY. If the facts constituting alleged negligence are disputed, or if there be a reasonable doubt of the inference proper to be drawn from undisputed facts, the question of negligence should be left to the jury. But if the facts are undisputed, and the inference of negligence to be drawn therefrom would not be a matter of doubt about which reasonable minds could differ, it is proper for the court to declare the existence of negligence, as a matter of law.

*Appeal from the Greene Circuit Court.*—HON. W. D. HUBBARD, Judge.

AFFIRMED.

*Boyd & Delaney*, for the appellant.

The court erred in refusing to strike out the amended petition filed by plaintiff, as the original cause of action was changed thereby. The court abused a sound discretion in refusing to grant defendant a continuance on the ground of surprise. The court abused its discretion in overruling the application of defendant for the appointment of a commission to examine plaintiff, and thereby depriving defendant of the benefit of of such examination. *Railroad v. Thul*, 10 A. & E. R. R. Cases, 783; *Shepard v. Railroad*, 85 Mo. 629; *Sidekum v. Railroad*, 93 Mo. 400; *Owen v. Railroad*, S. W. 352, and cases cited. The court erred in refusing to permit defendant to show that plaintiff had refused to submit to a physical examination. This is competent evidence in the nature of an implied admission from conduct. 1 Greenl. Ev. [13 Ed.] secs. 37, 196; *Eldridge v. Hawley*, 115 Mass. 410; *Crosby v. Buchanan*, 23 Wall, 420, 458; *Whitney v. Sterling*, 14 Johns, 215; *Ruppe v. Steinback*, 12 N. W. 658; 48 Mich. 465; *Vifquain v. Finch*, 19 N. W. 706; 15 Neb. 505. The instruction number 2, given for plaintiff, is erroneous, because: (1) The hypothesis therein stated does not contain all the facts necessary to constitute negligence on the part of the defendant, and its effect is to declare that the happening of an accident, under the given circumstances, is conclusive proof of negligence. (2) It is an instruction on the whole case, warranting the jury to return a verdict on the finding of the facts therein stated. *Mfg. Co. v. Hudson*, 4 Mo. App. 145; *Evans v. Railroad*, 17 Mo. App. 522; *Clay v. Railroad*, 17 Mo. App. 629; *Hines v. McKinney*, 3 Mo. 382; *Sigerson v. Pomeroy*, 13 Mo. 620; *Clark v. Hammerlee*, 27 Mo. 70; *Mead v. Butherton*, 30 Mo. 201; *Sawyer v. Railroad*, 37 Mo. 263; *Thomas v. Babb*, 45 Mo. 384; *Goetz*

v. *Railroad*, 50 Mo. 472; *Fitzgerald v. Hayward*, 50 Mo. 523; *Bank v. Armstrong*, 62 Mo. 70, 73; *Henry v. Bassett*, 75 Mo. 92; *Gilson v. Railroad*, 76 Mo. 284, 286; *Sullivan v. Railroad*, 88 Mo. 169; *Raysdon v. Trumbo*, 52 Mo. 35; *Porter v. Harrison*, 52 Mo. 524. Instruction number 3 given for plaintiff is misleading in this, that, while the intention was simply to declare that notice or knowledge of the defective condition of a sidewalk may be presumed from length of time in which it is out of repair, yet it is so worded as to authorize a verdict against defendant if: (1) The sidewalk was out of repair in fact. (2) If defect existed for such a length of time that city could have discovered its condition by reasonable diligence. Instruction number 5, given for plaintiff, is erroneous. It is misleading in this. That, while the intention is simply to declare what will constitute negligence on the part of the city, it goes farther and really is an instruction on the whole case. Instruction number 6 given for plaintiff is erroneous and misleading in this: That it declares the absence of "a guard, or other sufficient cover and without a light," is conclusive proof of negligence; thus declaring that a light was necessary and its absence negligence. In this instruction the conjunctive is used between the words guard and light. In instruction number 5, the disjunctive is used. These instructions are therefore contradictory. The seventh instruction is on the whole case, and is erroneous in this: It declares it to be the duty of the city to keep all of the sidewalk in good repair. The eighth instruction is erroneous because it makes the defendant an insurer, as it requires the city to put such covering over the opening as would be sufficient in itself, or as secured, to prevent accident. Instructions numbers 8 and 8½, are erroneous in this: (1) The court usurps the province of the jury by determining what did and what did not constitute a proper covering. (2) It takes away

from the consideration of the jury the question whether or not the sidewalk or alley was in a condition reasonably safe for travel. (3) It is undeniably inconsistent with instruction number 8, given for plaintiff, and with numbers 7 and 8 given of the court's own motion. *Streeter v. City of Breckenridge,* 23 Mo. App. 244; *Salmon v. Trenton,* 21 Mo. App. 182; *Staples v. The Town of Canton,* 69 Mo. 592; *Lower v. City of Sedalia,* 77 Mo. 445; *Mauerman v. Siemeris,* 71 Mo. 101; *Norton v. Ittner,* 56 Mo. 352; *Wyatt v. Railroad,* 55 Mo. 485; *Nagel v. Railroad,* 75 Mo. 653; *Huhn v. Railroad,* 92 Mo. 440; *Keim v. Railroad & Transit Co.,* 90 Mo. 314; *Tabler v. Railroad,* 93 Mo. 79; 2 Dillon Mun. Corp., sec. 789; *McDermot v. Barnum,* 19 Mo. 294; *Chouquette v. Barada,* 28 Mo. 491; *Turner v. Loler,* 34 Mo. 461; *Howe v. Duhle,* 19 Mo. 360; *Hoenschen v. O'Bannon,* 56 Mo. 289; *Railroad v. Stout,* 17 Wall, 657; *Hays v. Railroad,* 111 U. S. 242; *Bank v. Morgan,* 117 U. S. 122; *U. S. v. Babcock,* 3 Dill. 580; *O'Neill v. Railroad,* 1 McCrary, 507. Instruction number 9 is erroneous. It is an instruction on the whole case and warrants a verdict against the defendant without requiring the jury to find: (1) The exercise of reasonable care on the part of plaintiff. (2) Without submitting to the jury the question whether or not the city had made reasonable efforts to protect or guard the same. (3) Without submitting to the jury whether or not sufficient of the walk was in such condition as to render the same reasonably safe for travel. The court erred in refusing instructions. All a city is required to do is to make reasonable efforts to protect the public and repair, or guard, defective and dangerous places. It is not an insurer. The court erred in refusing proper instructions on the question of damages. The court will bear in mind, in reviewing the remarks of counsel for plaintiff, that under the Revised Statutes, 1879, plaintiff was entitled to, and did, obtain a jury composed

entirely of non-taxpaying citizens of the city of Springfield, Missouri. As the wealth of defendant was not an issuable fact, punitive damages not being recoverable, and as evidence thereof, if offered on the trial, would have been excluded, it was improper to discuss or refer to it before the jury. Its only object was to influence the jury on the amount of damages and divert their attention from the issue. Under the evidence the damages awarded are excessive. *Gibson v. Zeibig,* 24 Mo. App. 65 ; *Sidekum v. Railroad,* 93 Mo. 400.

*George S. Rathbun* and *O. H. Travers,* for the respondent.

The court properly gave the law of the case, and it was fairly tried upon its merits. The verdict is not excessive, but fully warranted by the evidence, and plaintiff's counsel submit that the judgment should be affirmed.

BIGGS, J., delivered the opinion of the court.

This is an action for damages growing out of personal injuries received by Nat. N. Kinney, deceased, on the twelfth day of September, 1885, in consequence of an alleged neglect and failure on the part of defendant to keep " South alley, " in the city of Springfield, in proper repair, and in a reasonably safe condition for the use of pedestrians and others traveling or passing along said alley. The petition averred substantially, that South alley was a public thoroughfare and was a paved street, and generally used by the public as a street or pass-way for all kinds of travel. That defendant had full control and management of said alley. That for some time prior to the twelfth day of September, 1885, said alley had been out of repair and in an unsafe condition, in this : That along the sidewalk on the south side of said alley there was an opening or hole, about two feet wide, three feet long and three or four feet

deep. That the fact that this hole or opening existed was well known to defendant's officers, and that defendant failed to repair said defect in a suitable way, and failed and neglected to place any barrier around said hole so as to prevent persons from falling into it, and failed and neglected to place a light at or near said hole, so as to give persons warning of the danger. That on the night of September 12, 1885, while said alley was in this unsafe condition, the defendant, while passing along said sidewalk, and being at the time unaware of its dangerous condition, stepped into said hole and received severe and permanent injuries.

Defendant filed an answer containing a general denial and also averring contributory negligence by plaintiff. There was a reply denying any contributory negligence by plaintiff. There was a trial by jury, resulting in a verdict and judgment for plaintiff for fifteen hundred dollars. Defendant, having unsuccessfully moved for a new trial, and in arrest of judgment, brings the case to this court by appeal. Since this appeal was granted, the plaintiff has died, and Maggie J. Kinney, the administratrix of his estate, has entered her appearance in this court and has been substituted as a party plaintiff.

Plaintiff, on the trial, introduced evidence tending to prove that South alley, on the twelfth day of September, 1885, and for several years previous, had been, and was, a thoroughfare or public street, and was used by the traveling public for vehicles and also pedestrians. That in 1885, a building was constructed by Dr. Watson, along the south side of said alley, and that along the side of said alley where said building had been erected, there was a sidewalk, about three feet wide, constructed of brick. That opposite the windows of said building, there were coal or air holes left in said sidewalk, and over these holes, there were iron gratings fastened into the brick and stone work in said sidewalk.

That these holes were about two feet wide, three feet long, and three or four feet deep. That the grating over one of these holes had been broken some weeks before the time plaintiff was injured, and that this was known to defendant's officers. That this hole was sometimes covered by a loose plank or by a loose box, that was in no way fastened, so that it could or would likely be removed. That plaintiff, on the night of September 12, 1885, while passing along said sidewalk, and with no knowledge of the unsafe condition of said opening, stepped into it, and received permanent injuries. That the night was quite dark, and there was no barrier or light at or near said opening, and there was nothing to warn plaintiff of the danger. That there was no covering at the time over the opening.

Defendant's testimony tended to show that South alley extended from South street to Jefferson street, a distance of two squares. That there was a saloon, blacksmith shop and wagon yard on this alley; that there were no other sidewalks on the alley, except the one extending along the side of the Watson building. That this sidewalk was built by L. T. Watson, the owner of the building. That all of said alley was free from obstruction, defects or excavations, except the opening or hole established by plaintiff's testimony. That this opening, on the night that plaintiff was injured, was covered by a plank eight or nine inches wide, and about five feet long, and by a box three feet long, two feet wide, and three or four feet high. That after said box and plank had been so placed, the defendant had no knowledge of its removal. That at the place where plaintiff was injured, there was sufficient light to enable any one exercising ordinary care and prudence, to see and avoid the excavation. And defendant also introduced some testimony tending to show that at the time plaintiff was hurt, he was under the influence of liquor.

Kinney, Adm'x, v. City of Springfield.

Plaintiff's testimony in rebuttal tended to show that he was not, to any extent, intoxicated at the time he received the injuries.

It was very clearly established by the testimony that South alley is a public street and thoroughfare, and had been used by the public for many years for all kinds of travel. That there are places of business located on and fronting this alley, which gives it more the character of a street, than an ordinary alley. That in consequence of this, the alley was not only used as a passway for vehicles, but was a general passway for pedestrians. It is a conceded fact that there was a hole or opening in the Watson sidewalk. That this opening had existed for some time prior to the twelfth day of September, 1885, but just how long is left in doubt. However, this is immaterial, as the testimony showed that the then mayor of the city had actual knowledge of the existence of the opening, and knew of it for some time previous to the accident.

The real controversy between the plaintiff and defendant is, whether the opening, at the time plaintiff fell into it, was sufficiently covered and protected, or whether, on the day of the accident, defendant had sufficiently covered the opening, and that this had been removed without defendant's knowledge, and whether there was any contributory negligence by plaintiff. There were other issues but they were of minor importance.

The defendant assigns for error in this court : (1) The refusal of the trial court to strike out plaintiff's amended petition. (2) That the court refused defendant a continuance. (3) The court committed error in refusing to appoint a commission of physicians to examine plaintiff as to the nature and extent of the injuries of which he complained. (4) That the court permitted plaintiff to introduce incompetent and irrelevant testimony. (5) That plaintiff's instructions did not properly declare the law. (6) That the court committed

error in refusing instructions asked by defendant. (7) That counsel for plaintiff in his closing argument to the jury made improper statements outside of, and not warranted by, the evidence, which were prejudicial to defendant's case. (8) That the court should have granted the defendant a new trial on account of newly discovered evidence.

I.   There is no merit in defendant's objection that the cause of action was changed by the amended petition.   The same cause of action is stated in both petitions.

When the amendment was made the defendant applied for a continuance on the ground that the amended petition presented new issues and that defendant was not prepared with its proof to meet them.   This application was made and sworn to by the city attorney. This court has often decided that the granting or refusal of a continuance rests largely in the discretion of the trial court, and where it is not clearly manifest from the record, that this discretion has been abused the appellate court will not reverse a judgment on that account. It is not necessary to cite authorities on this question. We have examined the record, and are not prepared to say that the circuit court erred in refusing defendant's application.

Defendant also assigns for error the refusal of the court to appoint a committee of physicians to make personal examination of plaintiff, touching the nature and extent of the injuries complained of.   The application was made on the fourteenth, and the case was called for trial on the fifteenth.   The case was set for trial on the twelfth, but the court was behind with the call of the docket.   The court overruled the application, stating as a reason that the application ought to have been made sooner.   That the granting of the application would delay the trial of the case.   The question of the right of the defendant, to have such an order made, has

been passed on by the supreme court several times. While it has been held that the right exists, yet the right is not absolute, and that whether, **in** any case, such an application should be granted or rejected, rests within the sound discretion of the trial court, and that unless this discretion has been abused, an appellate court ought not to interfere. *Owens v. Railroad*, 95 Mo. 169 ; *Shepard v. Railroad*, 85 Mo. 629 ; *Sidekum v. Railroad*, 93 Mo. 400. An examination of the record has not convinced us that the discretion of the court was unwisely exercised. The case had been pending for some time, in which plaintiff was claiming large damages for the injuries received, and if such an examination was necessary to subserve the ends of justice, the application should have been presented at an earlier date, and not at a time when the case, at any moment, might be called for trial. And in this connection we will say that the offer by defendant to show that plaintiff had declined to submit to such an examination was not permissible. If the court had made the order, and plaintiff had then refused, and the court notwithstanding such refusal, had permitted plaintiff to further prosecute his suit, then we think that the fact of plaintiff's refusal, would have been competent, and very potent evidence against him.

II. The court gave ten instructions for plaintiff, refused thirty-three asked by defendant, and in lieu of those refused, the court gave on its own motion eleven others, presenting defendant's theory of the case.

We had occasion at this term of the court, in case *City of Hannibal v. Richards*, to condemn the practice adopted by some attorneys, in presenting a multitude of instructions in a case, and we are not inclined to pass this case by, without again entering our protest against such a practice. The defendant in this case presented thirty-three instructions, and the trial court was justified in refusing them all, *on account of the number*

*alone. Crawshaw v. Sumner*, 56 Mo. 517; *Desberger v. Harrington*, 28 Mo. App. 632. Instructions are intended to enlighten and not to confuse the jury. It is quite impracticable for us to literally transcribe into this opinion the twenty-one instructions given by the court, nor will we attempt to discuss the thirty-three instructions asked by the defendant and refused by the court. If the instructions given when taken together, fairly presented the law to the jury, the defendant's complaints in reference thereto must be ruled against it. Instructions are to be considered in their combination and entirety. An omission in one may be supplied by another. The instructions should be viewed as a whole. If they are harmonious and consistent with each other, and present but one doctrine, the law is satisfied. *Karle v. Railroad*, 55 Mo. 476; *Swan v. Lullman*, 12 Mo. App. 583; *McKeon v. Railroad*, 43 Mo. 405.

The court in substance instructed the jury that, before plaintiff could recover, it devolved on him to show to the satisfaction of the jury that South alley was a public street or passway, and was under the control, and management of defendant; that there was an opening in the sidewalk on this alley as set forth in plaintiff's petition, and that this opening rendered travel incident to the alley dangerous; that defendant had notice of the defect prior to the accident and failed to make reasonable repairs or place sufficient covering or guards to protect and guard the same; that plaintiff without any negligence on his part and while in the exercise of ordinary care stepped into the opening while passing along said alley at night, and that on account of the darkness plaintiff was unable to avoid the danger by the use of ordinary caution and diligence. And the court further instructed the jury that it made no difference whether the sidewalk was on the alley or on the adjoining land of Watson, and that it mattered not that

the city had not built the sidewalk, yet it was defendant's duty to keep it in repair. There can be no question about the correctness of the general doctrine announced by the instructions. Municipal corporations must keep their streets and sidewalks in a reasonably safe condition for travel thereon. A failure to do so will render a corporation liable for all injuries resulting from such failure. But defendant says that plaintiff's instruction number 8 ½ was inconsistent with instruction number 8, given for plaintiff, and also with like instructions given for defendant; that instruction number 8 ½ announces an erroneous doctrine and that the error was prejudicial to defendant's case. That by this instruction the court usurped the province of the jury, and determined as a matter of law what did not constitute a proper covering.

Instruction number 8 ½ is as follows : " If the jury believe that the box placed on said hole, as testified to by the witnesses, was not fastened down but was loose and liable to be removed at any time from off said hole, and if the jury further find that said box was so removed at different times, for a period of several weeks, then such box did not constitute a proper covering for said hole, and would not relieve the city from the charge of negligence," etc., etc.

Instruction number 8 is as follows: "If the jury believe and find from the evidence that the defendant was notified of the removal of the iron grating from over said hole on South alley, and that said opening so exposed rendered said alley unsafe for travel, and that the said opening remained in this condition for several days or weeks after the city had full knowledge of the same through its mayor, then the jury are instructed that the defendant would be liable for negligence in failing to keep its said sidewalk in proper repair, if the same was used as a general thoroughfare for traveling, although the jury may further find that the defendant

covered said hole with a box or plank at different times after the removal of said iron grating, if they found that such covering was insufficient in itself, or as secured, to prevent travelers from stepping into said hole," etc., etc.

The court told the jury that if the box placed over the opening by the defendant was not nailed down or in any way fastened so that it would be liable to be removed, and that said box was so removed, at different times prior to plaintiff's injuries, then such effort made by defendant to protect the public from the danger would not relieve the city from the imputation of negligence.

The evidence of defendant tends to show that the box placed by defendant's officers over the hole was about three feet long, two feet wide, and about two feet high ; that the opening was sometimes covered with this box, and at other times with a loose plank. That this box was not nailed down and during the time there was nothing to prevent the box from being removed, and that it was, in point of fact, several times removed from over the opening. There was no conflict in the testimony, as to these facts.

Negligence is a logical inference drawn from the facts and circumstances established by the evidence in a case. If the facts, upon which the negligence is predicated, are disputed, or where there is a dispute or reasonable doubt as to the inferences to be drawn from undisputed facts, then the question of negligence should be left to the jury. But on the other hand, if the facts are undisputed, or if a certain state of facts are found by the jury, and the facts so found are of such a character, that the inference of negligence to be drawn therefrom would not be a matter of doubt about which reasonable minds would differ, then it is proper for the court to declare as a matter of law that such facts constitute negligence. *Tabler v. Railroad*, 93 Mo. 79;

*Nagel v. Railroad,* 75 Mo. 653 ; *Wyatt v. Railroad,* 55 Mo. 485 ; *Norton v. Ittner,* 56 Mo. 352 ; *Mauerman v. Seimeris,* 71 Mo. 105 ; *Huhn v. Railroad,* 92 Mo. 440 ; *Keim v. Railroad,* 90 Mo. 314. In the case at bar the defendant attempted to cover the opening in the sidewalk with loose plank, and a pine box two feet wide, three feet long, and two or three feet high. Neither the plank nor the box was fastened or attempted to be fastened in any way. If there was any doubt as to whether this amounted to a reasonable effort on the part of defendant to protect the opening by a sufficient covering, or if it was a question about which reasonable minds might differ, then the determination of this matter ought to have been left to the jury. But the bare statement of the facts is sufficient to show, that there was no error committed by the court in giving the instructions complained of by defendant. The box or plank could have been easily removed by the smallest urchin on the streets of the city. The covering was liable to be removed and was in point of fact often removed during the time, as was found by the jury and shown by defendant's own testimony. We cannot well see or imagine how "reasonable minds" could differ as to the proper inferences to be drawn from such facts.

Instruction number $8\frac{1}{2}$ may be inconsistent with the other instructions, as claimed by the defendant, by which the question is left to the jury, but the other instructions were more favorable to defendant than defendant had a right to expect. In other words the court erred on defendant's side of the case.

We think that every possible phase of this case was presented by the instructions given, and we have been unable to detect any error that was prejudicial to defendant's case.

The defendant has urged before this court many objections to the admission of testimony ; the remarks of plaintiff's counsel in his closing argument to the jury ;

the amount of damages assessed, and the failure of the
court to grant defendant a new trial on account of newly
discovered evidence. We have examined all of these
objections, and have been unable to find any error that
materially affected the merits of the action. The judg-
ment will therefore be affirmed. All the judges concur-
ring, it is so ordered.