HARRY WALKER, Respondent, v. THE TOWN OF POINT PLEASANT, Appellant.

St. Louis Court of Appeals, April 5, 1892.

1. **Highways:** PLEADING. The petition in this cause is considered, and *held* to state a cause of action against a municipal corporation for injuries occasioned by defects in a public highway within the corporate limits.

2. **Municipal Corporation:** PLEADINGS. Section 2186 of the Revised Statutes of 1889 applies to municipal corporations as well as private corporations, and, under its provisions, the corporate existence of a defendant sued as a municipal corporation is admitted, unless denied by plea under oath.

3. ———: LIABILITY FOR INJURIES CAUSED BY DEFECT IN HIGHWAY. In order to render a municipal corporation responsible for injuries caused by defects in one of its public highways, express notice to it of the defects need not be shown; it will suffice, in respect to notice, that the municipal authorities might have known of the defects by the exercise of ordinary care.

4. **Towns:** ESTABLISHMENT OF STREETS: REPAIRS. A highway situated within the corporate limits of a town and used by the public for travel becomes for all legal purposes a street, and, while it is thus used by the public, the duty of repairing it rests exclusively upon the town. It is not necessary that the adoption of the highway as a street of the town should be made by ordinance.

*Appeal from the New Madrid Circuit Court.*—HON. H. C. O'BRYAN, Judge.

AFFIRMED.

*Robert Rutledge,* for appellant.

(1) The court was mistaken as to the law in this case, and proceeded upon the theory and belief that the road in question was one of the public streets of

the city. This was simply a wagon road along the bank of the river. To constitute a public street there must be an ordinance establishing it, or an acceptance in some manner, by the city. *Skrainka v. Oertel*, 44 Mo. App. 474; *Churchman v. Kansas City*, 44 Mo. App. 665. (2) The court erred in giving instruction, numbered 1. It is based upon a wrong theory of the law, and assumes that the road was a public street. It is long, vague, indefinite and unexplained, and misled the jury as to the liability of defendant. *Clark v. Kitchen*, 52 Mo. 316; *Dunn v. Dunnaker*, 87 Mo. 597; *Gerren v. Railroad*, 60 Mo. 405. Instructions, numbered 2, 3 and 4, are equally defective and do not cure the first. They assume that the road in question was a public street established or adopted by the city, whose duty it was to keep it in repair, as well as all bridges thereon. The instructions are not warranted by the evidence. The town authorities were only bound to keep such streets, and such parts of streets, in repair, as were necessary for the use of the traveling public. *Brown v. Mayor, etc., of Glasgow*, 57 Mo. 156; *Bassett v. The City of St. Joseph*, 53 Mo. 290. (3) The court should have given instruction, numbered 5, asked by the defendant. There is no evidence on which to base a verdict. *White v. Chaney*, 20 Mo. App. 389; *Nolan v. Shickle*, 3 Mo. App. 300; *Walker v. Martin*, 8 Mo. App. 561. (4) Instruction, numbered 6, asked by the defendant and refused by the court, properly declared the law, and should have been given. It was the defendant's duty to keep in repair only such streets and bridges as it had established or adopted, and were necessary for the traveling public. *Brown v. Mayor, etc., of Glasgow*, 57 Mo. 156; *Bassett v. City of St. Joseph*, 53 Mo. 290; *Moore v. City of Cape Girardeau*, 103 Mo. 470; *Churchman v. Kansas City*, 44 Mo. App. 665.

*W. W. Corbett,* for respondent.

ROMBAUER, P. J.—The suit is one to recover damages for personal injuries, sustained by the plaintiff owing to the defective condition of one of the defendant's bridges on a public highway. The defendant, appealing, assigns for error that the petition states no cause of action, and the evidence shows none, and that the court misdirected the jury as to the law.

Such parts of the petition, as bear upon the question presented, are in the following words: "That the defendant is a municipal corporation under the laws of said state located in said county, with power and authority to sue and be sued; that plaintiff, on the second day of August, in the year 1890, was engaged in transporting the United States mail to and from the town of Point Pleasant to the town of New Madrid in said county; that, on the day aforesaid, while plaintiff was on said route aforesaid, on the public road leading to and from said towns, in attempting to cross one of defendant's bridges within the corporate limits of said defendant, which bridge spanned a ditch or gully across said public road, owing to the bad condition of said bridge, the plank upon the same having decayed from constant use and wear, there were several dangerous holes in the bridge, which were partially covered over with short pieces of plank, one of these pieces having in some way gotten misplaced, one of the horses driven by plaintiff got one of its feet hung or entangled in the hole, and, in trying to extricate it, became frightened; the team ran away, throwing plaintiff out of the vehicle, dislocating his elbow joint, his shoulder, and otherwise seriously injuring plaintiff. Plaintiff charges at the time of said accident he was driving in a careful and cautious manner; that, previous to said

accident, he had repeatedly made complaint to defendant, its agents and officers, of the bad condition of said bridge, and that no notice was taken of same; that, owing to the failure of defendant to keep said bridge in proper repair, whose legal duty it was so to do, plaintiff's injury resulted."

To this petition the defendant first answered. Upon the trial, without withdrawing the answer filed, it filed a general demurrer on the ground that "the petition failed to state what sort of corporation defendant was, and by what law created." This demurrer was overruled, and properly so, as a party cannot raise both issues of law and fact covering the same ground; he cannot both demur and answer to the whole of the plaintiff's petition; and by answering he waives all defects in the petition, excepting the defect that it states no cause of action at all, and that the court has no jurisdiction of the subject-matter. The defendant now claims that the petition states no cause of action, an objection which is never waived. This objection is not well taken. The petition is inartificially drawn, but it sufficiently appears from its averments by necessary intendment, that the defendant is a town corporation created by the laws of this state, and that the injury occurred owing to a defective bridge on a public highway within the corporate limits, which highway and bridge it was the defendant's duty to keep in repair.

The defendant next contends that there was no proof of defendant's incorporation, nor any proof that the highway and bridge in question were under the defendant's control, and that it was under any obligation to repair the same.

Touching the first point it will suffice to say that the defendant's answer was not supported by affidavit. In *Pierce v. Town of Lutesville*, 25 Mo. App. 317, we decided that, under section 3653 of the Revised Statutes

of 1879, as amended by the act of 1883 (which amended section is now section 2186 of the Revised Statutes of 1889), the existence of a municipal corporation, as well as of a private corporation, is admitted, unless denied by plea under oath. Although proof was offered in this case by the plaintiff tending to show the defendant's incorporation, we are not required to examine the sufficiency of such proof, since, in view of our decision in the case of *Pierce v. Town of Lutesville, supra,* there was no valid plea of *nul tiel corporation.*

Touching the other points of the assignment we find evidence in the record that the road in question was a traveled highway within the corporate limits of the defendant; that the defendant levied and collected road taxes for the repair of roads within its corporate limits, and that the defendant had repaired the bridge in question shortly after the occurrence of the accident. In *Brennan v. City of St. Louis,* 92 Mo. 488, it was intimated that proof of subsequent repair was admissible as evidence that the defect was one which the city was bound to repair. As the plaintiff's injuries were shown to have resulted from the defective condition of the bridge, and there was no showing of any such contributory negligence on his part as would debar him of recovery, the defendant's assignment that the evidence fails to support the verdict is clearly untenable.

We have examined the instructions given on behalf of the plaintiff and find no error therein of which the defendant has any right to complain. They were fully warranted by the ruling of the supreme court in *Bonine v. City of Richmond,* 75 Mo. 437, and *Squires v. City of Chillicothe,* 89 Mo. 226. The evidence was ample to the effect that this bridge had been out of repair for months prior to the accident, and that the town authorities might have known of the defect by the exercise of ordinary care. It is not the law that express notice to

the town authorities of such defects must be shown as a condition precedent to liability of the town.

Complaint is also made of the refusal of the following instruction, asked by the defendant: "The court instructs the jury that, in the absence of an ordinance establishing said street or road and defining its boundary lines, the city will not be liable for damages arising from defective bridges thereon, though said road may have been used by the public, and was within the corporate limits of the town, and that it was not the duty of defendant—unless said street was established by ordinance—to keep the bridge or crossing on said road in repair."

That the *locus in quo* was a bridge forming a part of a public traveled highway is conceded by all the evidence, and it is not substantially controverted that it was within the incorporated limits of the defendant town corporation. Under the statutes of this state the inhabitants of town corporations are exempt from working on roads outside of the corporate limits, and all streets within the corporate limits are placed under the control of the board of trustees. R. S. 1889, secs. 1674, 1677. The control of the county authorities over highways within incorporated limits of a town is necessarily withdrawn and placed in the town trustees. It results from the foregoing that any such highway, situated within the corporate limits of the town, becomes for all legal purposes a street, and that, while being used as such by the public, the duty to keep the same in repair rests exclusively with the town authorities. 2 Dillon on Municipal Corporations [4 Ed.] sec. 676, *et seq.* We intimated in *State ex rel. Mermod v. Heege,* 39 Mo. App. 50, that county authorities had no power to establish a county road within boundaries of a town. The highway in question here is part of an old highway shown by the evidence to have been in use by the

public many years anterior to the incorporation of the town of Point Pleasant and ever since; and the claim that the adoption of such a highway as a street can be shown only by ordinance of the town has been distinctly denied in *Beaudean v. City of Cape Girardeau*, 71 Mo. 392. We must conclude, therefore, that the above instruction, asked by the defendant, was properly refused.

The judgment is affirmed. All the judges concur.