LOTTIE T. MARLER, by Her Next Friend LUKE MARLER, Respondent, v. THE CITY OF SPRINGFIELD, Appellant.

**St. Louis Court of Appeals, February 25, 1896.**

**Action for Personal Injuries: EXAMINATION OF INJURIES SUED FOR: PRACTICE, APPELLATE.** The defendant in an action for personal injuries is not entitled, as a matter of right, to an order for examination of the person of the plaintiff. An application for such an order addresses itself to the discretion of the trial court, which will only be interfered with on appeal when manifestly abused. And *held*, that the application made in this cause was untimely, and, therefore, properly refused.

*Appeal from the Greene Circuit Court.*—HON. JAMES T. NEVILLE, Judge.

AFFIRMED.

*A. B. Lovan* and *Chas. J. Wright* for appellant.

*J. M. Harrell, Geo. Pepperdine, H. C. Young,* and *E. P. Miller* for respondent.

BIGGS, J.—This is an action to recover damages from the defendant for injuries sustained by the plain-

tiff on account of a defective sidewalk. The allegation in the petition is that the plaintiff, while walking along the sidewalk, "stepped on a defective and rotten plank" which broke under her weight, and that her foot went through to the ground, causing her to fall and to receive the injuries complained of. The answer is a general denial, and it also contains a plea of contributory negligence. The jury returned a verdict for $387.50, upon which judgment was rendered. The defendant has appealed.

The first assignment is that the evidence is not sufficient to warrant a recovery. The argument in support of it is that the evidence conclusively shows that the defect in the plank was hidden, and that its discovery required minute inspection, and that, as there was no evidence that the city authorities had actual notice of its condition, there could be no liability. There would be merit in the contention, if the facts were as stated. On both propositions of fact the evidence was conflicting. While the evidence tended to prove that the decayed portion of the plank was mostly on its underside, there was proof that one end of it had rotted entirely away and was loose from the stringer, although partly resting on it. There was no evidence that the city authorities had knowledge of the defective condition of the particular plank, but there was abundant proof that the entire sidewalk in front of the premises where the accident occurred was in a very bad state of repair, and that several of the planks were missing, and that this condition existed for several months prior to the accident. One of the plaintiff's witnesses testified that, one or two months before the accident, he notified the street commissioner of the city of the bad condition of the sidewalk, and that no effort was made to repair it. According to the testimony of that witness, the street commissioner was

derelict in his duty.  If he had inspected the sidewalk when notified of its bad condition, the evidence warrants the inference that he would have discovered the actual condition of the plank which caused the injury.  We must, therefore, overrule the assignment.

The evidence tended to prove that the premises, in front of which the accident occurred, were known as the Phillips property and that the house was painted red.  Complaint is made of the admission of the testimony of W. J. York.  He testified that he notified Coombs, the street commissioner, that the sidewalk in front of the "red house" on Commercial street was very much out of repair.  He also stated that he referred to the property as belonging to Coombs, as he thought at the time that he was the owner.  Coombs did own the adjoining property on the same street.  It is impossible that Coombs could have been in doubt as to the property referred to by York.

Coombs was examined as a witness for plaintiff, and the court permitted plaintiff's counsel to interrogate him concerning the condition of the sidewalk in front of his premises as compared with the sidewalk in front of the Phillips property.  The evidence was not prejudicial, as the witness testified that both walks were in good condition.

There is an ordinance of the city which makes it the duty of the street commissioner to inspect all of the sidewalks in the city as often as once in each month. The circuit court committed error in permitting the plaintiff to read this ordinance in evidence, but the defendant could not possibly have been prejudiced as the street commissioner, who was the plaintiff's witness, testified that he performed the duty imposed by the ordinance in respect to the sidewalk in question, and there was no proof to the contrary.

At the close of the defendant's evidence its counsel

asked the court to compel the plaintiff to submit to an examination of her injuries by some competent physician to be named by the court. The request was refused, and of this the defendant complains. The defendant was not entitled to such an order as a matter of right, but it is something that always rests in the discretion of the trial judge, which will not be interfered with, unless manifestly abused. *Owens v. Railroad*, 95 Mo. 169; *Sidekum v. Railroad,* 93 Mo. 400; *Kinney, Adm'x, v. City of Springfield,* 35 Mo. App. 97; *Norton v. Railroad,* 40 Mo. App. 642; *Shepard v. Railroad,* 85 Mo. 629. Here the application was untimely. It was unreasonable that the trial should be delayed until an examination could be made, especially when there is nothing to show that the defendant might not have had the examination made before the trial commenced.

Finding no error in the record, the judgment of the circuit court will be affirmed. All the judges concur.