Rusher v. City of Aurora.

---

ELIZABETH M. RUSHER, Respondent, v. THE CITY OF AURORA, Appellant.

St. Louis Court of Appeals, May 22, 1897.

1. **Damages**: PETITION, SUFFICIENCY OF. In an action for damages for injuries received by plaintiff's stepping into an opening in a sidewalk, erected or permitted to be erected by defendant, it was not necessary for the petition to aver that defendant knew of the *particular opening or defect* which caused the injury; it was sufficient to allege and prove the defective condition of the walk at or near the place of the injury, that the city officials knew of its condition or that it had existed for such length of time as to raise the presumption of knowledge on their part, and that it was the result of defendant's failure to repair the walk.

2. **Testimony, Admissibility of**: TRIAL PRACTICE. Testimony that a few hours after plaintiff received the injuries defendant had the old sidewalk removed was admissible for the purpose of showing that the defect in the walk was one the defendant was bound to repair.

3. ———: ———.  Where the mayor of defendant corporation, who testified as to admissions made to him by plaintiff of her knowledge of the defect in the sidewalk and of her negligently attempting to pass over it, admitted on cross-examination that, at the time of such admissions, he was attempting to compromise plaintiff's claim, the cross-examination was proper for the purpose of showing that the admissions were *expressly made without prejudice,* or on the faith of a pending negotiation, and, if so, proof of such admissions was inadmissible.

4. **Nonsuit:** EVIDENCE.  An application for nonsuit on the ground that the walk was a mere obstruction in the street, and defendant could not be held liable, unless plaintiff was unavoidably forced upon the walk without her own volition, was properly refused, where all the evidence tended to show that the sections of the old walk were put down to serve the purpose of a sidewalk, and were so used to some extent, of which defendant's officers had notice for some time prior to the accident, also of its defective condition, and neither removed nor repaired it.

5. **Public Highway, Knowledge of Defect in:** NEGLIGENCE.  Previous knowledge of a defect in a public highway or street is not, conclusive evidence of negligence by a traveler who may be injured on account of such defect, but only a circumstance to be submitted to the jury in passing upon the question of contributory negligence. *Smith v. St. Joseph,* 45 Mo. 449.

*Appeal from the Lawrence Circuit Court.*—Hon. J. C. Lamson, Judge.

Affirmed.

*Carr McNatt* and *F. T. Whitney* for appellant.

The petition was fatally defective in failing to state any knowledge on the part of defendant of the defect which caused the injury, or that such defect had continued for such length of time that defendant could have known it. *Scott v. Robards,* 67 Mo. at 293; *Story v. Ins. Co.,* 61 Mo. App. at 538; *Pier v. Heinrichoffen,* 52 Mo. at 336.

Plaintiff's evidence did not aid the defective petition. There must have been knowledge to create a liability. 2 Dill. Mun. Corp. [4 Ed.], sec. 1024;

*Schweickhardt v. St. Louis*, 2 Mo. App. at 579–581; *Bassett v. St. Joseph*, 53 Mo. at 302; *Russell v. Columbia*, 74 *Id.* at 490.

For lack of such evidence defendant's demurrer should have been given. *Nolan v. Shickle*, 3 Mo. App. 311.

Plaintiff having full knowledge of the defect, as her testimony clearly showed, was guilty of contributory negligence, and not entitled to recover. *Craig v. Sedalia*, 63 Mo. 417; Smith on Neg. (Whitt.), pp. 40, 41, and citations; *Boyd v. R. R.*, 105 Mo. 372; *Weller v. R. R.*, 120 *Id.* at 647. See, also, *Nolan v. Shickle*, 3 Mo. App. 300; *Lenox v. R. R.*, 76 Mo. at 91.

Plaintiff's own testimony shows that no sidewalk was ever ordered or permitted to be put down for the use of the public where the injury occurred, but that the so-called "sidewalk" was simply an obstruction upon an unused portion of the street; hence defendant was under no obligation to keep it in repair, and its demurrer to the evidence should have been sustained. 2 Dill. Mun. Corp. [4 Ed.], sec. 1017; *Calhoun v. Milan*, 60 Mo. App. at 402; *Hunter v. Weston*, 111 Mo. at 184; *Bassett v. St. Joseph*, at 303; *Taubman v. Lexington*, 25 Mo. App. at 226.

The *probata* and *allegata* of the petition do not correspond, and defendant's demurrers to the pleadings and evidence should have been sustained. *Leslie v. R'y*, 88 Mo. at 54; *Price v. R. R.*, 72 *Id.* at 416, *et seq.*; *Haynes v. Trenton*, 108 *Id.* at 132; *Gaslight Co. v. Mercer*, 48 Mo. App. at 650.

The error of the court in admitting illegal evidence in this case is sufficient to reverse the case. *O'Neil v. Crane*, 67 Mo. at 252; *Mahoney v. R. R.*, 108 *Id.* at 200; *Alcorn v. R. R.*, *Id.* at 90.

The giving and refusal of instructions by the court constitutes reversible error in this case. There was no

evidence fixing any liability upon defendant, and the court should have sustained its demurrers. *Musick v. R. R.*, 57 Mo. 134; *Leslie v. R. R.*, *supra*, at 268; *Nolan v. Shickle*, *supra*; *Sindlinger v. City of Kansas*, 126 Mo. 315; *Pipkin v. Haucke*, 15 Mo. App. 371; *Mfg. Co. v. Ball*, 43 *Id.* at 511; *Skyles v. Bollman*, 12 *Id.* 598, 85 Mo. 95; *Edwards v. Meyers*, 22 Mo. App. at 482; *Beauchamp v. Higgins*, 20 *Id.* at 517; *Peck v. Hichey*, 66 Mo. at 121; *Greer v. Parker*, 85 Mo. at 111; *McDonald v. Cable R'y*, 32 Mo. App. at 75; *Mfg. Co. v. Hudson*, 4 *Id.* at 148; *State v. Lane*, 1 *Id.* 371.

*Wm. B. Skinner* and *Edw. J. White* for respondent.

It was sufficient to allege that the unsafe condition of the walk had continued for such length of time that the defendant could have learned of it by the exercise of reasonable diligence. *Beaudeau v. Cape Girardeau*, 71 Mo. 392; *Mitchell v. Plattsburg*, 33 Mo. App. 555; *Frank v. St. Louis*, 110 Mo. 516. See, also, *Marler v. Springfield*, 65 Mo. App., at pp. 301, 302.

The petition alleges a knowledge of the defect in alleging a knowledge of the defective condition of the walk as a whole. Though knowledge of the particular defect causing the injury is not necessary to be alleged, but it is sufficient if defendant could have known of the defect by exercising ordinary care. *Shipley v. Bolivar*, 42 Mo. App. 401; *Walker v. Point Pleasant*, 49 *Id.* 244; *Yocum v. Trenton*, 20 *Id.* 489.

That the knowledge of appellant's street commissioner and aldermen was knowledge to appellant is elementary law. *Cropper v. Mexico*, 62 Mo. App. 385; *Marler v. Springfield*, *supra*; *Barr v. Kansas City*, 105 Mo. 550.

Having proven actual knowledge on the part of appellant's agents and the existence of the defective

walk for years prior to the accident, even if the petition had not expressly alleged such knowledge and the continuance of such defects for such length of time as to have enabled appellant to have such knowledge, the alleged defect of the petition would have been cured by the verdict. *Bowie v. Kansas City*, 51 Mo. 454; *Hurst v. Ash Grove*, 96 *Id.* 168.

Even if plaintiff had testified that she knew of the very defect causing the injury, it would not have justified the court in taking the case from the jury, but was only a circumstance to be submitted to the jury, as going to show contributory negligence. *Smith v. Butler*, 48 Mo. App. 663; *Cohn v. Kansas City*, 108 Mo. 387; Bus. on Personal Injuries, secs. 164, 165. See, also, *Craig v. Sedalia*, 63 Mo. 417; *Madison v. R. R.*, 60 Mo. App. 599; *Caton v. Sedalia*, 62 *Id.* 227.

A nonsuit is only proper when the plaintiff's evidence conclusively and affirmatively establishes contributory negligence; if it falls short of this and the existence of the contributory negligence remains a question of fact, the cause is properly submitted to the jury. *McCormick v. Monroe*, 64 Mo. App. at 197, 199.

It is immaterial that the walk in question may not have been directly constructed by appellant, if placed there by a third person, it was nevertheless appellant's duty to remove or keep it in repair. *Street v. Breckenridge*, 23 Mo. App. 244; *Oliver v. Kansas City*, 69 Mo. 79; *Taubman v. Lexington*, 25 Mo. App. 218; *Hill v. Sedalia*, 64 *Id.* 494.

BIGGS, J.—It is admitted that Olive street is a traveled street in the city of Aurora. It runs east and west. That portion of it which extends from Jefferson to Elton avenues (a distance of one block) is graded and has a sidewalk constructed along the entire north side of the block. On the south side there are

houses on each corner of the block, opposite to which sidewalks are built. Between the two houses the lots are unimproved. The grade of the sidewalk along the unimproved portion of the block was raised by the city so as to conform to the grade of the street. The fill was made with cobble stones or small boulders. On the top of the stones were placed several sections of an old plank sidewalk. Whether the sidewalk was placed thereon by authority of the city or by the owner of the vacant lots, was a matter of controversy. The plaintiff while traveling over this portion of the sidewalk stepped into an opening, which caused her to fall and injure herself. She sues in this action for damages for these injuries. The allegations in substance are that the defendant erected the plank sidewalk or permitted it to be erected; that the city authorities knowingly permitted it to become and remain out of repair, and that the plaintiff received her injuries while in the exercise of due care. The answer contains a general denial and also a plea of contributory negligence. The jury awarded the plaintiff $800 as damages, and the defendant has appealed.

The first assignment of error is that the petition fails to state a cause of action, in that it fails to aver that the defendant had knowledge of the particular defect or opening which caused the injury. There is no merit in this. It is not the law that the defendant must have had actual notice of the particular opening into which the plaintiff stepped. It is sufficient to aver and prove the defective condition of the sidewalk at or near the place of the injury; that the city authorities knew of its condition, or that it had existed for such a length of time as to raise a presumption of knowledge on their part, and that the existence of the particular defect was the result of the failure of defendant to repair the walk.

DAMAGES: sufficiency of petition.

*Walker v. Point Pleasant,* 49 Mo. App. 244; *Marler v. Springfield,* 65 Mo. App. 301. In the *Marler* case the defect complained of was in a measure a hidden one. The accident was caused by the breaking of a rotten plank in the sidewalk. There was proof that the general condition of the walk was bad, and that the city authorities had notice of this. We held that this evidence was sufficient for the reason that the inference was a fair one that if the officers of the defendant had repaired or inspected the sidewalk as it was their duty to do, the defective condition of the *particular* plank would have been discovered.

Against the objection of the defendant the court permitted the plaintiff to prove that a few hours after the plaintiff received the injuries the defendant had the old sidewalk removed. This evidence was admissible for the purpose of showing that the defect in the sidewalk was one the defendant was bound to repair. *Walker v. Point Pleasant, supra;* *Brennan v. St. Louis,* 92 Mo. 482; *Mitchell v. Plattsburg,* 33 Mo. App. 555.

ADMISSIBILITY of testimony: trial practice.

The mayor of the city testified that the plaintiff admitted that she knew the sidewalk was defective, and that she was negligent in attempting to pass over it. The witness admitted on cross-examination that at the time these admissions were made he was attempting to compromise plaintiff's claim. Objection was made to this line of examination. The court overruled the objection, but at the conclusion of the testimony of the witness the court stated in the presence and hearing of the jury that all evidence of the fact that a compromise was considered or attempted, would be excluded, and in its final instructions the jury was so directed. We think that the cross-examination was proper in the first instance with the view of showing that the admis-

ADMISSIBILITY of testimony on cross-examination: trial practice.

sions were *expressly made without prejudice* or under the faith of a pending treaty, and if so proof of them was inadmissible.   1 Greenleaf on Ev., sec. 192.

As the examination failed to disclose this, the court pursued the only course open to it,—by directing the jury to disregard the fact that a compromise had been offered.   Other objections are made to the admission of evidence, which we do not deem it necessary to discuss, as the result would not be different.

At the close of the plaintiff's evidence and also at the close of all the evidence, the defendant asked the court to direct a nonsuit.   The main argument in support of this assignment is, that the evidence conclusively shows that the owner of the vacant lots placed the old sidewalk on the unused portion of the street, in order to get it off his lots, and with no intention that it should be used for the public to travel over, and hence the defendant could not be held liable for injuries received by reason of such use; in other words, that the walk was a mere obstruction in the street, and that consequently the defendant could not be held, unless the plaintiff was unavoidably forced upon or against the walk without her own volition.   The trouble with this argument is, that the premise is wrong.   All of the facts and circumstances tend to show that the sections of the old sidewalk were put down to serve the purpose of a sidewalk, and that they were so used to some extent.   It is true that the defendant did not authorize this to be done, but there was abundant evidence that for a long time prior to the accident the officers of the defendant had notice that the walk was there, that it was being used by persons traveling along the street, and that it was in a defective condition, nevertheless it was not removed or repaired.

Another argument in support of the instruction for

nonsuit is that the evidence conclusively shows that the plaintiff knew of the defective condition of the walk, and as there was a good sidewalk on the opposite side of the street, the plaintiff must be held to have assumed the risk of going over the dangerous route. In this state the general rule is, that previous knowledge of a defect in a public highway or street is not conclusive evidence of negligence by a traveler who may be injured on account of such defect. It is only a circumstance to be submitted to the jury in determining the question of his contributory negligence. *Smith v. St. Joseph*, 45 Mo. 449. The present case does not fall within the exceptions to the rule. *Cohn v. Kansas City*, 108 Mo. 387; *Ray v. Poplar Bluff*, No. 6450, decided by us at this term.

The court gave all instructions asked. Various objections are now urged against those given at the instance of the plaintiff. The instructions are lengthy and need not be set out in this opinion. We have considered them carefully, and have concluded that they very fairly present the law of the case.

The judgment of the circuit court will be affirmed. All concur.